## EX PARTE J. W. AINSWORTH.

On the 17th October, 1864, applicant petitioned the District Court for Trinity County, for the writ of Habeas Corpus, stating that he, being in the military service of the Confederate States, had, on or about the 28th day of June, 1862, offered a substitute fifty-one years old; that the substitute was received, and himself discharged from said military service; that notwithstanding said discharge, he is illegally restrained of his liberty by one Col. D. S. Terry. The writ was refused in the Court below, on the ground that the petition did not disclose facts sufficient to entitle the applicant to the writ. *Held*, that an appeal to this Court will not lie from the refusal of the District Court to grant the writ.

---

*In this cause, applicant claimed to be exempt from military service, by reason of his holding the office of Deputy District Clerk. The counsel for respondent insisted, that the position of Deputy District Clerk is not, properly speaking, an office under the Constitution and laws of the State; and, consequently, the applicant is not thereby exempt from liability to military service. But the Court having held, that the enrolling officer could not go behind the order from the Head Quarters, Conscript Service, District of Texas, dated August 30th, 1864, directing enrolling officers not to interfere with deputy clerks, who were appointed previous to their enrollment, it regarded the question as not necessarily involved in the decision of the case, and declined expressing an opinion upon it.

Justice Moore, in his opinion, remarked: "I feel, however, free to say for myself, if the question was properly before the Court, I should be constrained to hold the law adversely to the applicant." [Reporter.]

An appeal may be taken by the applicant where the Court or Judge has decided against the application for a writ of habeas corpus, that is, after a trial; but the statute makes no provision for an appeal, if the writ be denied.

If the grounds disclosed, on an application for a writ of habeas corpus, are sufficient, the action of this Court in dismissing the appeal, is not conclusive. It is only so after a hearing in the Court below, upon the facts and law arising upon the record, and not when the appeal is from the refusal to grant the writ.

After indictment, as in Art. 125, Code of Criminal Procedure, application for the writ must be made to the Judge of the District in which the indictment was found.

The writ of habeas corpus is one of right; but it is not grantable of course: and cause must be shown, supported by oath, in accordance with the statute. If it be apparent that the applicant is not entitled to any relief, the Judge may refuse to award the writ; and his action cannot be revised on appeal.

Under our statute, the writ ought not to be refused, except in a clear case. The case of Ex Parte Abraham Mayer, page 22, cited and affirmed.

Appeal from Trinity. Tried below, before the Hon. C. L. CLEAVELAND.
*J. W. Ainsworth*, for himself.
*Attorney General*, for appellee.

REEVES, J., delivered the opinion of the Court, and cited the following authorities: Ingersoll on Habeas Corpus, 33, and authorities there referred to; Ex parte Lawrence, 5 Binn, 304; Crispie v. Jones, 3d Serg't & Rawls, 167; Arts. 126, 122, 131, Code Criminal Procedure.

Appeal dismissed.